United States District Court
Southern District of Texas
**ENTERED**
May 20, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES ALAN McGOUGH, | § | |
| TDCJ #1892141 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-15-2831 |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent.[1] | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, James Alan McGough, seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction that has resulted in his incarceration by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). The respondent has filed a Motion for Summary Judgment with Brief in Support ("Motion for Summary Judgment") (Docket Entry No. 10), along with a copy of the state court record. McGough has filed a Memorandum in Response to the Motion for Summary Judgment ("Response") (Docket Entry No. 13). After considering all of the

---

[1] Effective May 1, 2016, Lorie Davis succeeded previous respondent William Stephens as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Accordingly, Davis is automatically substituted as the respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

pleadings, the state court record, and the applicable law, the Court will grant respondent's Motion and will dismiss this action for the reasons explained below.

## I. Background

A local grand jury returned an indictment against McGough in Harris County cause number 1260107, charging him with aggravated assault with a deadly weapon against a member of his household.[2] The indictment was enhanced for purposes of punishment with allegations that McGough had at least two prior felony convictions.[3]

At trial the State presented evidence that McGough and the victim, Dale Lothridge, were living together as roommates in April of 2010,[4] when the two got into a heated argument.[5] The argument escalated into a fistfight.[6] At some point during the altercation McGough retrieved a knife and proceeded to slash Lothridge in the face and side, also stabbing him in the chest.[7] The cut to

―――――――――――――

[2]Indictment, Docket Entry No. 8-9, p. 20.

[3]Id.

[4]Reporter's Record, vol. 4, Docket Entry No. 9-14, p. 49.

[5]Id. at 55.

[6]Id. at 56.

[7]Id. at 60-65, 167-69.

Lothridge's face took approximately 50 stitches to repair.[8] Staples were required to close the puncture wound in Lothridge's chest and the cut on his left side.[9] McGough admitted causing Lothridge's injuries,[10] but denied that he was the aggressor and testified that he was acting in self-defense.[11]

After hearing all of the evidence, a jury in the 338th District Court of Harris County, Texas, found McGough guilty as charged of aggravated assault with a deadly weapon.[12] During the punishment phase of the trial McGough conceded that the enhancement allegations were "true" and stipulated that he had a lengthy criminal record.[13] The jury sentenced McGough to fifty years' imprisonment.[14] After noting that McGough committed the underlying offense while on parole for a previous felony conviction, the trial court granted the State's motion to stack or cumulate the sentences.[15]

---

[8]Id. at 73.

[9]Id. at 72.

[10]Id. at 243, 255.

[11]Id. at 219-26.

[12]Reporter's Record, vol. 5, Docket Entry No. 9-15, pp. 48-49.

[13]Id. at 52-53, 55-59.

[14]Id. at 78.

[15]Id. at 81-84.

On direct appeal McGough argued that the trial court abused its discretion by (1) denying his motion for a mistrial after a State's witness mentioned his previous imprisonment and drug use; and (2) permitting the State to question him on cross-examination regarding his parole status.[16]  The intermediate state court of appeals rejected McGough's arguments and affirmed the conviction in an unpublished opinion.  See McGough v. State, No. 14-10-01249-CR (Tex. App. — Houston [14th Dist.] Jan. 31, 2012).[17]  The Texas Court of Criminal Appeals refused McGough's petition for discretionary review.  See McGough v. State, PDR No. 295-12 (Tex. Crim. App. April 8, 2012).

McGough challenged his conviction on collateral review, arguing that he was entitled to relief because:  (1) he was denied effective assistance of counsel when his trial attorney failed to call a witness (Sheila Peterson);  (2) he was denied effective assistance of counsel when his trial attorney failed to locate, investigate, interview and call three witnesses (Marilyn Reed, Scott Reed, and Lonnie Halton);  (3) he was denied his right to a fair trial and the presumption of innocence when one of the State's witnesses commented that he had been incarcerated and used drugs; (4) he was denied a fair trial due to the prosecutor's cumulative misconduct;  (5) he was denied due process when the trial court

---

[16]Brief for Appellant, Docket Entry No. 8-3, p. 6.

[17]Memorandum Opinion, Docket Entry No. 8-1, pp. 1-7.

failed to advise the majority of the jurors of his right to self defense during jury selection;   (6) he was placed in double jeopardy during the punishment phase when the trial court cumulated or stacked his sentence;   (7) he was denied effective assistance of counsel during sentencing when his trial attorney failed to raise proper objections to the State's motion to stack the sentence;   (8) he was denied effective assistance of counsel when his appellate attorney failed to challenge the stacked sentence on appeal;   (9) his rights were violated when the trial court failed to inform him or his trial counsel in open court of jury questions during punishment deliberation;   (10) he was denied effective assistance of counsel when his trial attorney failed to request "a full and affirmative instruction to the jury's question" regarding the cumulation of sentence;   and (11) trial counsel provided ineffective assistance when he failed to fulfill his promise to the jury to show that the complainant threw the first punch.[18]   The state habeas corpus court entered findings of fact and concluded that McGough was not entitled to relief on any of his claims.[19]   The

---

[18]Application for a Writ of Habeas Corpus, Docket Entry No. 9-25, pp. 6-44.

[19]Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 9-26, pp. 56-73.

Texas Court of Criminal Appeals agreed and denied relief without a written order on findings made by the trial court.[20]

McGough has now filed a Petition for federal habeas corpus relief under 28 U.S.C. § 2254.[21]   In his Petition McGough raises four claims:  (1) he was denied effective assistance of counsel at trial because his defense attorney failed to adequately investigate and call witnesses;   (2) the State engaged in prosecutorial misconduct;   (3) the trial court erred by failing to use due diligence to secure trial counsel and McGough in open court before answering a jury note during deliberation;   and (4) he was denied effective assistance of counsel on appeal.[22]   The respondent has filed a Motion for Summary Judgment, arguing McGough's claims are procedurally barred or without merit.[23]

## II.  <u>Standard of Review</u>

To the extent that the petitioner's claims were adjudicated on the merits in state court, his claims are subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d).   Under the AEDPA a federal habeas corpus court may not grant relief unless the state

---

[20]Action Taken, Writ No. 82,528-01, Docket Entry No. 9-21, p. 1.

[21]Petitioner's Original Petition for Writ of Habeas Corpus ("Petition"), Docket Entry No. 1.

[22]<u>Id.</u> at 3.

[23]Motion for Summary Judgment, Docket Entry No. 19.

court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted); see also Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2000). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting White v. Woodall, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011)).

The AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings,' . . . [which] 'demands that state-court decisions be given the benefit of the doubt.'" Renico

v. Lett, 130 S. Ct. 1855, 1862 (2010) (citations omitted).  This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Richter, 131 S. Ct. at 786 (quoting Jackson v. Virginia, 99 S. Ct. 2781, 2796, n.5 (1979) (Stevens, J., concurring)); see also White, 134 S. Ct. at 1702.

A state court's factual determinations are also entitled to deference on federal habeas corpus review.  Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness extends not only to express factual findings, but also to the state court's implicit findings.  See Garcia v. Quarterman, 454 F.3d 441, 444-45 (5th Cir. 2006) (citing Summers v. Dretke, 431 F.3d 861, 876 (5th Cir. 2005); Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004)).  If a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A federal habeas corpus court "may not

characterize these state-court factual determinations as
unreasonable 'merely because [it] would have reached a different
conclusion in the first instance.'" Brumfield v. Cain, 135 S. Ct.
2269, 2277 (2015) (quoting Wood v. Allen, 130 S. Ct. 841, 849
(2010)). "Instead, § 2254(d)(2) requires that [a federal court]
accord the state trial court substantial deference." Id.

### III.   Discussion

**A.   Ineffective Assistance of Counsel at Trial (Claim One)**

McGough alleges that he was denied effective assistance of
counsel because his defense attorney failed to adequately
investigate his case and call witnesses to testify. These claims
were rejected by the state habeas corpus court, which held that
McGough failed to demonstrate ineffective assistance under the
standard found in Strickland v. Washington, 104 S. Ct. 2052, 2064
(1984).[24]

As the state court correctly observed, claims for ineffective
assistance of counsel are governed by the standard found in
Strickland. See, e.g., Williams v. Stephens, 761 F.3d 561, 566
(5th Cir. 2014), cert. denied, 135 S. Ct. 1735 (2015). To prevail
under the Strickland standard a defendant must demonstrate (1) that
his counsel's performance was deficient and (2) that the deficient
performance prejudiced the defense. Strickland, 104 S. Ct. at

---

[24]Findings of Fact, Conclusions of Law, and Order, Docket Entry
No. 9-26, pp. 64-65.

2064. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

"To satisfy the deficient performance prong, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" Hoffman v. Cain, 752 F.3d 430, 440 (5th Cir. 2014) (quoting Strickland, 104 S. Ct. at 2064), cert. denied, 135 S. Ct. 1160 (2015). This is a "highly deferential" inquiry; "[t]here is 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 104 S. Ct. at 2065). "To satisfy the prejudice prong, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland, 104 S. Ct. at 2068).

Because McGough's ineffective-assistance claims were rejected in state court, the issue is not whether this court "'believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'" Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009) (quotation omitted). In addition, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id. When applied in tandem with the highly deferential standard found in 28 U.S.C.

§ 2254(d), review of ineffective-assistance claims is "doubly deferential" on habeas corpus review. <u>Knowles</u>, 129 S. Ct. at 1411; <u>see</u> <u>also</u> <u>Richter</u>, 131 S. Ct. at 788 (emphasizing that the standards created by <u>Strickland</u> and § 2254(d) are both "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted); <u>Beatty v. Stephens</u>, 759 F.3d 455, 463 (5th Cir. 2014), <u>cert. denied</u>, 135 S. Ct. 2312 (2015) (same).

1.   <u>Failure to Investigate State's Witnesses</u>

McGough contends that his trial counsel was deficient because he failed to adequately investigate the State's witnesses (Dale Lothridge, Angel Dover, and Danette Key) and their criminal backgrounds.[25] McGough's defense attorney, Kenneth McCoy, provided an affidavit in response to McGough's contention, noting that he reviewed the statements provided by the State's witnesses as well as their criminal backgrounds.[26] After finding that McCoy's affidavit was "reliable and credible," the state habeas corpus court entered findings about the "extensive investigation" that he conducted in McGough's defense and concluded that McCoy was not deficient.[27]

---

[25]Petition, Docket Entry No. 1, p. 11.

[26]Affidavit of Kenneth McCoy ("McCoy Affidavit"), Docket Entry No. 9-26, p. 28.

[27]Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 9-26, pp. 57-61, 65-66.

The record shows that both the prosecutor and the defense questioned each of the State's witnesses about their respective criminal records as permitted by the rules of evidence.[28] McGough, who testified that Lothridge had "a pretty violent past,"[29] also faced limited questioning about his criminal record,[30] which was subject to a motion in limine.[31] McCoy argued during his summation that Lothridge had a violent character with a record of multiple assault convictions, including one for aggravated assault with a knife.[32] He argued that all of the State's witnesses had felony convictions and credibility problems.[33] The record supports the state habeas corpus court's conclusion that defense counsel adequately investigated the criminal backgrounds of the State's witnesses and was not deficient. McGough does not otherwise demonstrate that the state court's conclusion is unreasonable or lacking in justification. See Harrington, 131 S. Ct. at 786-87. Accordingly, he is not entitled to relief on this claim.

---

[28]Reporter's Record, vol. 4, Docket Entry No. 9-14, pp. 45-48. 78-80, 124-27, 161, 184.

[29]Id. at 220.

[30]Id. at 244-46.

[31]Reporter's Record, vol. 3, pp. 239-65.

[32]Reporter's Record, vol. 5, Docket Entry No. 9-15, p. 27.

[33]Id. at 29.

2.    Failure to Locate and Call Marilyn Reed, Scott Reed, and
      Lonnie Halton as Witnesses

McGough contends that his trial attorney was deficient for
failing to locate and call three witnesses (Marilyn Reed, Scott
Reed, and Lonnie Halton) who saw him on the day of his altercation
with Lothridge and could have testified about the injuries he
sustained.[34]   In his affidavit to the state habeas corpus court
McCoy conceded that McGough had given him the names of these
potential witnesses, but noted that he failed to provide telephone
numbers or addresses, providing only "a general description of the
area where they might be located."[35]   McCoy hired a private
investigator to attempt to locate the witnesses, but he was
unsuccessful.[36]   The state habeas corpus court found that McCoy's
contentions were credible and concluded that he was not deficient.[37]

McGough does not provide affidavits from the missing witnesses
or any other statement indicating that they would have testified on
his behalf if they had been called.   "Claims of uncalled witnesses
are disfavored, especially if the claim is unsupported by evidence
indicating the witnesses's willingness to testify and the substance
of the proposed testimony." Gregory v. Thaler, 601 F.3d 347, 353

---

[34]Petition, Docket Entry No. 1, p. 10.

[35]McCoy Affidavit, Docket Entry No. 9-26, p. 29.

[36]Id.

[37]Findings of Fact, Conclusions of Law, and Order, Docket Entry
No. 9-26, pp. 57-61, 65-66.

(5th Cir. 2010) (citing Harrison v. Quarterman, 496 F.3d 419, 428 (5th Cir. 2007)). A petitioner who alleges ineffective assistance of counsel based on the failure to call either a "lay or expert witness" must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to the particular defense." Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009) (citations omitted).  Absent a showing that a particular witness would have offered testimony favorable to the defense, the petitioner's claim is speculative and conclusory, and does not demonstrate either deficient performance or resulting prejudice on his trial counsel's part.  See Sayre v. Anderson, 238 F.3d 631, 636 (5th Cir. 2001).  Because McGough does not provide any statement from the missing witnesses or any kind of assurance that they would have testified on his behalf if they had been called, his claim is insufficient to demonstrate deficient performance or actual prejudice.  Based on this record, McGough does not show that the state habeas corpus court's conclusion was unreasonable.  Thus, he is not entitled to relief on this claim.

### 3.   Failure to Call Sheila Peterson as a Witness

McGough contends that his trial attorney was deficient for failing to call Sheila Peterson as a witness at trial.[38]   An affidavit presented to the state habeas court stated that Peterson wanted to serve as a character witness for McGough and would have testified Lothridge "appeared drunk" on the day of the offense, that Lothridge was well-known as an aggressive individual who had assaulted a person with a knife previously, and that she was afraid of him.[39] According to Peterson, Lothridge also admitted to her sometime after the incident that he "started the fight."[40]

McCoy submitted a detailed affidavit in response to McGough's claim.[41]   Based on this affidavit the state habeas corpus court found that McCoy spoke with Peterson before trial and concluded that she would not be a good witness during the guilt/innocence portion of the proceeding because she was not an eyewitness to the events "and could not testify as to anything that happened during the aggravated assault."[42]   When Peterson asked to be a character

_____

[38]Petition, Docket Entry No. 1, p. 10.

[39]Affidavit of Sheila C. Peterson ("Peterson Affidavit"), Docket Entry No. 9-25, pp. 49-50.

[40]Id. at 49.

[41]McCoy Affidavit, Docket Entry No. 9-26, pp. 28-29.

[42]Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 9-26, pp. 58-59.

-15-

witness, McCoy explained to her that "it would not be a good trial strategy to address the issue of [McGough's] character during the guilt/innocence phase of the trial, as that would 'open the door' to [McGough's] extensive criminal history."[43]   McCoy told Peterson that she could testify during the punishment phase and that she knew the trial date, but she did not appear at trial.[44]   Had she appeared at trial, McCoy would have called her as a witness, as his normal practice was to call all available defense witnesses unless it would hurt the defendant's case.[45]   Based on these findings the state court concluded that Peterson would not have been a beneficial witness during the guilt/innocence phase and that she was not available during the punishment phase, therefore, McCoy was not deficient for failing to call her as a witness.[46]

Because McGough does not attempt to rebut the state court's fact findings with clear and convincing evidence to the contrary, they are presumed correct.  See 28 U.S.C. § 2254(e)(1).  To the extent that McCoy made a decision based on trial strategy not to call Peterson during the guilt/innocence phase of the trial, that decision is entitled to substantial deference.  See Strickland, 104 S. Ct. at 2065 (emphasizing that "[j]udicial scrutiny of counsel's

---

[43]Id. at 59.

[44]Id.

[45]Id.

[46]Id. at 65.

performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"); see also Yohey v. Collins, 985 F.2d 222, 228 (5th Cir. 1993) ("Given the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices."). Because McGough does not otherwise show that Peterson was available to testify during the punishment phase of the trial, he cannot demonstrate that his counsel was deficient for failing to call her as a witness. See Day, 566 F.3d at 538. Under these circumstances, McGough does not show that the state court's decision was unreasonable. Therefore, he is not entitled to relief on this claim.

## B. Procedural Default (Claims Two and Three)

In claims two and three McGough contends that the State engaged in prosecutorial misconduct and that the trial court erred by failing to use due diligence to secure defense counsel and petitioner's presence before answering a jury note during deliberation.[47] The respondent argues that these claims are barred because they were rejected on state habeas corpus review for procedural reasons.[48] The state habeas corpus court found that these "record" claims were barred from collateral review because

---

[47]Petition, Docket Entry No. 1, pp. 15-19.

[48]Motion for Summary Judgment, Docket Entry No. 10, pp. 12-13.

they could have been litigated on direct appeal.[49]  In doing so, the state court relied on Ex parte Gardner, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996), which holds that failure to raise an issue apparent from the trial court record on direct appeal bars consideration of that issue on state habeas review.[50]

A federal habeas court "will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground."  Busby v. Dretke, 359 F.3d 708, 718 (5th Cir. 2004) (citation omitted).  The Fifth Circuit has repeatedly recognized that the holding Gardner is an independent state procedural rule that is adequate to foreclose federal habeas review.  See Brewer v. Quarterman, 466 F.3d 344, 347 (5th Cir. 2006); Aguilar v. Dretke, 428 F.3d 526, 535 (5th Cir. 2005); Soria v. Johnson, 207 F.3d 232, 249 (5th Cir. 2000).  McGough fails to show that it is not.  Accordingly, McGough's second and third claims for relief are procedurally barred unless he demonstrates that an exception applies.

If a petitioner has committed a procedural default, federal habeas corpus review is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice."

---

[49]Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 9-26, pp. 63, 70-71.

[50]Id. at 70-71.

Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991).  McGough has filed a Response to the respondent's Motion for Summary Judgment.[51] However, McGough makes no effort to demonstrate that any of these exceptions apply.  Accordingly, claims two and three concerning the allegations of prosecutorial misconduct and error on the trial court's part are barred from federal review.  The respondent is entitled to summary judgment on this issue.

## C.   Ineffective Assistance of Counsel on Appeal (Claim Four)

McGough contends that he was denied effective assistance of counsel on direct appeal because his appellate attorney failed to raise "[a]ll the meritorious errors listed in [his Petition]" and argued to the state court.[52]  The respondent argues that this claim is unexhausted and barred by the doctrine of procedural default because it was not raised previously in state court.[53]  The state court record confirms that McGough raised only one claim of ineffective-assistance regarding his appeal, which was limited to his appellate counsel's failure to challenge the cumulation of his sentence.[54]  Thus, his claim is unexhausted.

---

[51]Docket Entry No. 13.

[52]Petition, Docket Entry No. 1, p. 20.

[53]Motion for Summary Judgment, Docket Entry No. 10, p. 25.

[54]Application for a Writ of Habeas Corpus, Docket Entry No. 9-25, pp. 36-37.

A petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The Fifth Circuit has recognized that a petitioner must exhaust each distinct allegation of ineffective assistance before raising a claim for ineffective assistance of counsel in federal court. See Jones v. Jones, 163 F.3d 285, 296-98 (5th Cir. 1998). McGough could have, but did not, raise the ineffective-assistance allegation articulated in claim four on state habeas corpus review. Under these circumstances, McGough's claim is procedurally barred. See Neville v. Dretke, 423 F.3d 474, 480 (5th Cir. 2005) (concluding that unexhausted claims, which could no longer be raised in state court due to Texas' prohibition on successive writs, were procedurally defaulted); see also Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2000) (same) (citing Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995)).

McGough does not attempt to overcome his procedural default by demonstrating cause or actual prejudice and he does not otherwise show that a fundamental miscarriage of justice will result if the claim is not considered. See Coleman, 111 S. Ct. at 2565. Therefore, McGough's contention that his appellate counsel was deficient for failing to raise "all meritorious claims" listed in his brief is barred from federal review.

To the extent that McGough exhausted an ineffective-assistance allegation concerning his appellate counsel's failure to challenge the stacked sentence that he received, this claim lacks merit. A

claim of ineffective assistance on appeal is governed by the test set out in Strickland, 104 S. Ct. at 2052, which requires a defendant to establish both constitutionally deficient performance and actual prejudice. See Smith v. Murray, 106 S. Ct. 2661, 2667 (1986) (applying the Strickland test to a claim of ineffective assistance of counsel on appeal). To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney "was objectively unreasonable . . . in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and to file a merits brief raising them." Smith v. Robbins, 120 S. Ct. 746, 764 (2000) (internal citation omitted). If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." Id.

The state habeas corpus court found that McGough's appellate counsel selected two points of error for appeal, arguing that the trial court erred by (1) denying his request for a mistrial; and (2) allowing cross-examination about McGough's parole status.[55] The state court concluded that "[a]ppellate counsel's failure to raise sentence cumulation as a point of appeal does not constitute ineffective assistance, as sentence cumulation is solely within the

---

[55]Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 9-26, p. 62.

discretion of the trial court[.]"[56]  As a result, "there was no error on which to base a ground for appeal" and no "reasonable probability that, but for counsel's failure to raise that issue, the applicant would have prevailed on appeal."[57]

McGough has not attempted to show that his sentence was improperly cumulated.  His "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."  Collier v. Cockrell, 300 F.3d 577, 587 (5th Cir. 2002) (citing Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000); Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983)).  Because McGough fails to establish that his sentence was improperly stacked, he does not demonstrate that his appellate counsel was deficient or that there is a reasonable probability that he would have prevailed on appeal if the proposed claim had been presented.  McGough does not otherwise show that he was denied effective assistance of counsel on appeal or that the state court's conclusion was unreasonable.  Therefore, he is not entitled to relief on this claim.

Because McGough has failed to establish a valid claim for relief, Respondent's Motion for Summary Judgment will be granted and the Petition will be denied.

---

[56]Id. at 67.

[57]Id. at 68-69.

## IV.  <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.   A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000)).   Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029, 1039 (2003).   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, <u>sua sponte</u>, without requiring further briefing or argument. <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).   After

careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V. Conclusion and Order

The court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**.

2. James Alan McGough's Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 20th day of May, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE